**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **BRIAN J. CALLAHAN,** | **Case No. 11 B 16993** |
| Debtor. | **Hon. Eugene R. Wedoff** |

**NOTICE OF MOTION**

**To:**   See attached Service List

PLEASE TAKE NOTICE that on **January 10, 2012, at 9:30 a.m.**, we will appear before the Honorable Eugene R. Wedoff, Courtroom 744, Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois and then and there present the **Application of Special Counsel Douglas F. Mann of Douglas F. Mann for Final Compensation and Expense Reimbursement,** a copy of which is attached hereto.

Date: December 20, 2011

**David P. Leibowitz, not individually, but as the chapter 7 trustee of the Debtor's estate**

By: */s/ David P. Leibowitz*
David P. Leibowitz (ARDC # 1612271)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100

**CERTIFICATE OF SERVICE**

On December 20, 2011, the undersigned, certifies that on this date, she caused a copy of the above document to be served upon each person shown on the within Notice, by first class United States Mail, with postage prepaid, at Waukegan, Illinois. Those marked with an * were served via CM/ECF, the Court's electronic notification system.

*/s/ Aquanda S. Thomas*
Paralegal

## Service List

Bastian GMBH & Co Kg
The Jewelers Board of Trade
PO Box 6928
Providence, RI 02940-6928

Bill McGovern
10149 S. Wood Street
Chicago, IL 60643-2046

Capital One, N.A.
c/o Creditors Bankruptcy Service
PO Box 740933
Dallas, TX 75374-0933

Chase – BP
PO Box 15298
Wilmington, DE 19850-5298

Clipper Magazine
37089 Hempland Road
Mountville, PA 17554-1542

DiaStud Inc.
37 West 47th Street, Suite 506
New York, NY 10036-2809

Duffey Law Office, S.C.
PO Box 26453
933 N. Mayfair Rd., Suite 302
Mailwaukee, WI 53226-3432

First Midwest Bank/na
300 Hunt Club Road
Gurnee, IL 60031-2502

Kohls
Attn: Recovery Dept
PO Box 3120
Milwaukee, WI 53201-3120

Shell Oil/Citibank
Attn: Centralized Bankruptcy
PO Box 20507
Kansas City, MO 64195-0507

State of Wisconsin Dept of Revenue
2135 Remrock Road
PO Box 8946
Madison, WI 53708-8946

Alicia Polikowski
3277 N. Summit Avenue
Milwaukee, WI 53211-3152

Belair Time Corporation
1995 Swarthmore Avenue #3
Lakewood, NJ 08701-4572

Brian J. Callahan
12630 W. Navajo
Palos Hieghts, IL 60463-1741

Cbs Inc
POB 1000
Fremont, NE 68026-1000

Carleen L. Cignetto
2 Dearborn Square, Suite 2
Kankakee, IL 60901-3960

Clipper Magazine 88
3708 Hempland Road
Mountville, PA 17554-1542

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH 43054-3025

Estate of Kenneth D. Vanek, Jr.
c/o Norbert M. Ulaszek
4535 South Kedzie Avenue
Chicago, IL 60632-2903

Gottlieb
1100 Superior Avenue
Cleveland, OH 44114-2530

Northshore Bank
Card Member Services
PO Box 790408
Saint Louis, MO 63179-0408

Simmons 1st Nation
501 Main St.
Pine Bluff, AR 71601-4327

Stuller
PO Box 87777
Lafayette, LA 70598-7777

World Pay Credit Card Service
600 Morgan Falls Road
Atlanta, GA 30350-5810

America Honda Finance
PO Box 168088
Irving, TX 75016-8088

Best Western Quiet House
10330 N. PT. Washington Road
Thiensville, WI 53092-5744

Captial One
PO Box 30285
Salt Lake City, UT 84130-0285

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Douglas F. Mann
740 N. Plankinton Avenue #210
Milwaukee, WI 53203-2403

Citibank
Attn: Centralized Bankruptcy
PO Box 20507
Kansas City, MO 64195-0507

Concord 24, LLC
11501 N. Port Washington Road, Suite 200
Mequon, WI 53092-3466

Discover Fin
PO Box 6103
Carol Stream, IL 60197-6103

Fifth Third Bank
c/o Bankruptcy Dept, Mdropso5
1850 East Paris
Grand Rapids, MI 49546-6210

Kim International
14840 Landmark Blvd.
Dallas, TX 75254-6716

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604-2027

Quality Gold
PO Box 18490
Fairfield, OH 45018-0490

Skaggen
640 Maestro Drive
Reno, NV 89511-3280

Supreme Jewelry
640 S. Hill Street
Los Angeles, CA 90014-4000

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re:** <br><br> **BRIAN J. CALLAHAN** <br><br> **Debtor.** | Chapter 7 <br><br> Case No. 11 B 16993 <br><br> Hon. Eugene R. Wedoff |

**APPLICATION OF SPECIAL COUNSEL DOUGLAS F. MANN FOR FINAL
COMPENSATION AND EXPENSE REIMBURSEMENT**

Douglas F. Mann, Attorney at Law ("Applicant") special counsel for David P. Leibowitz ("Trustee"), chapter 7 trustee of the bankruptcy estate ("Estate") of Brian J. Callahan ("Debtor"), seeks final compensation in the amount of $1,675.00 and reimbursement of expenses in the amount of $385.97, pursuant to a contingent fee agreement approved by this court on August 16, 2011.  *See* Docket 29.

Mann's services, as counsel to the Trustee for personal injury matters, were beneficial to the Estate and are compensable under sections 330(a) and 331 of Title 11 of the United States Code ("Bankruptcy Code").

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408.

2.   By Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

### BACKGROUND OF THE CASE AND NATURE OF THE SERVICE PROVIDED

4. Debtor, by and through their attorney, filed a voluntary chapter 7 bankruptcy petition on April 21, 2011. *See* Docket 1.

5. David P. Leibowitz was thereafter appointed as the interim trustee for the Estate.

6. On May 20, 2011, the first meeting of creditors was held and no trustee was elected. Therefore, the Trustee became the permanent trustee of the Estate.

7. Mann's services consisted primarily in assisting the Trustee in evaluating, liquidating and maximizing the value of the Estate.

8. Trustee's motion to employ Douglas F. Mann, Attorney at Law, as special counsel for the Trustee, was granted on August 16, 2011. *See* Docket 30.

9. An itemized listing of the services performed by Applicant and the expenses incurred are attached hereto as **Exhibit A**.

10. Applicant submits that all of the services rendered and expenses advanced as reflected in this Application were of benefit to the Estate.

11. Applicant has no agreement or understanding to share the compensation requested with any other person or persons. Applicant further states that there has been no duplication of work by the Applicant or members of the Applicant's firm for which compensation is requested.

### THE REASONABLENESS OF THE COMPENSATION REQUESTED

12. Section 330(a) of the Bankruptcy Code governs the compensation of professionals employed pursuant to section 327 of the Bankruptcy Code. It provides in pertinent part that:

> (A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) Reimbursement for actual, necessary expenses.
> 11 U.S.C. § 327.

13. The value of professional services cannot be precisely determined by the application of a mathematical formula to a set of facts; the Court should consider the "ensemble" of services provided. *Matter of Continental Illinois Securities Litigation*, 962 F.2d 566, 572 (7th Cir. 1992).

14. Based on the extent, nature and value of the services rendered, the cost of comparable services in non-bankruptcy cases, the time spent on such services, and the results achieved to date, the compensation requested by Applicant is fair and reasonable, and its allowance and payment in full is justified.

### **REQUESTED RELIEF**

15. Trustee requests that this Honorable Court enter an order authorizing payment of the sum of $1,675.00 for final compensation and $385.97 reimbursement of expenses from the Estate as expenses of administration.

16. Based on the services provided and the results achieved, Trustee believes that the allowance and payment of compensation and expense reimbursement in the amounts requested in this Application are reasonable and proper.

### **NOTICE**

17. Applicant has provided 21 days notice of this application to the Office of the United States Trustee, all creditors who have allowed claims in this case as well as to parties who have previously requested notice of pleadings and proceedings herein. Trustee requests that the Court waive any notice requirements pursuant to FED. R. BANK. P. 2002(a)(2) and to find the notice period to be sufficient under the circumstances. Applicant suggests that no further notice is necessary and the Court should find that no other or further notice is required.

**WHEREFORE**, Trustee request the Court enter an order (i) allowing Douglas F. Mann compensation in the amount of $1,675.00 for professional services rendered on behalf of the Trustee; (ii) allowing reimbursement of expenses incurred in the amount of $385.97; (iii) authorizing the Trustee to pay all allowed compensation and expense reimbursement to special counsel; and (iv) grants such other and further relief as may be equitable in the circumstances.

        */s/ David P. Leibowitz*_____
        David P. Leibowitz, not individually but as the
        chapter 7 trustee of the Debtor's bankruptcy estate

David P. Leibowitz (ARDC # 1612271)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100